**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2274**

BETELEHEM BALCHA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A96-089-317)

Submitted:  October 11, 2006       Decided:  December 4, 2006

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Fitsum A. Alemu, Arlington, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Mark B. Stern, Alisa B. Klein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Betelehem Balcha, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Balcha challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Balcha fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Balcha's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Balcha fails to show that

- 2 -

she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Balcha fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that Balcha failed to make the requisite showing before the immigration court.

Finally, to the extent that Balcha claims that the Board's use of the summary affirmance procedure as set forth at 8 C.F.R. § 1003.1(e)(4) (2006) violated her rights under the Due Process Clause, we find that this claim is squarely foreclosed by our decision in Blanco de Belbruno v. Ashcroft, 362 F.3d 272 (4th Cir. 2004). We further find that summary affirmance was appropriate in this case under the factors set forth in § 1003.1(e)(4).

Accordingly, we deny the petition for review. Balcha's motion for stay of removal is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED